**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DEBRA STEPHENSON, )
)
Plaintiff, )
)
v. ) Case No. 10-2197-KHV-KGG
)
DEBORAH YOUNG, *et al.*, )
)
Defendants. )
)

## MEMORANDUM AND ORDER

The Defendants' Motion to Compel the Production of Plaintiff's Tax Returns (Doc. 43.) is denied. The Defendants have failed to show they conferred, or made an effort to confer, with Plaintiff's counsel prior to filing the motion. Additionally, the Defendants have failed to demonstrate a compelling need for the production of Plaintiff's tax returns.

## BACKGROUND

Plaintiff filed her First Amended Complaint on July 29, 2010, bringing claims for violations of her First Amendment rights to free speech and to petition for redress of grievances, as well as civil conspiracy and claims resulting from the allegedly wrongful termination of her employment. (*See generally*, Doc. 18.) Plaintiff seeks past and future lost wages, compensation for mental anguish and emotional distress, punitive damages, and attorneys fees. (*Id*., at 12.) Defendants

Answered, generally denying Plaintiff's allegations and raising, among other defenses, the failure to mitigate damages. (Doc. 25, at 14.)

Defendant Southeast Kansas Education Service Center served its first interrogatories and requests for production on August 6, 2010. (Doc. 21; Doc. 44-1.) Included among the document requests was No. 3, seeking "[a]ll income tax returns with supporting schedules and all W-2 forms for the last three (3) years." (Doc. 44-1, at 4.) Plaintiff served her answers and objections to Defendants' on August 30, 2010. (Doc. 30; Doc. 44-2.) In response to Request No. 3, Plaintiff stated there was "no 'compelling need for the returns.'" (Doc. 44-2, at 2.) She continued that the returns contained confidential information regarding her husband, who is not a party to this lawsuit. (*Id*.) Finally, instead of the tax returns, Plaintiff produced her W-2 forms and Social Security statements for the years in question. (*Id*.)

Defense counsel sent a "golden rule" letter to Plaintiff's counsel on September 13, 2010, raising issues regarding several of Plaintiff's discovery responses, including Request No. 3. (Doc. 44-3.) As to Plaintiff's response to that particular request, Defendants stated the following:

> This request seeks Plaintiff's tax returns for the last three years. Despite Plaintiff's contention, there is a compelling need for such returns. Plaintiff has put her income at issue by seeking economic losses. *See*

> ***Hamner v. Associated Wholesale Grocers, Inc*.**, 2008 WL 917900, *1 (D.Kan. Mar. 31, 2008). Although she claims she has not been employed since February 2009, she, herself, admits that she has tutored students. To this end, she has received income, which will not be reflected in her W-2s.

(*Id*., at 2.)

Plaintiff's counsel responded to Defendants' letter on September 28, 2010, stating in relevant part:

> We have provided you with supplemental information on this point including W-2s and our client's social security statement. I hope it places to rest your concerns over the tax returns. As stated previously, the tax returns provide confidential and irrelevant information regarding Debra Stephenson's husband. How would the return help you determine her income over any period[?] Her income would be combined with her husband's on the return itself. Plaintiff has put her income at issue, not that of her husband. You now have the best evidence of her income.

(Doc. 44-4, at 5.) Plaintiff's counsel closed the letter by stating that he "believe[d] we will be able to resolve these issues without Court intervention." (*Id*., at 7.) Despite this invitation from Plaintiff's counsel, there is no indication that defense counsel made any further attempt to resolve or even discuss the issue. Rather, defense counsel's initial letter – which contained one paragraph regarding Request No. 3 – was Defendants' only communication regarding this issue prior to filing the present motion to compel.

Defendants filed their Motion to Compel on November 1, 2010.[1] (Doc. 43.) Defendant seeks an Order compelling Plaintiff to provide her tax returns and all supporting schedules for the last three years.

## DISCUSSION

### A. Duty to Confer.

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37 (a)(1) (emphasis added). The local rules further state that a court "will not entertain any motion to resolve a discovery dispute" unless a reasonable effort has been made to confer regarding the motion's underlying issue(s) prior to the filing of the motion. D.Kan. Rule 37.2 (emphasis added). The local rule also requires the certification to describe with particularity the steps taken by all counsel to resolve the issue in dispute. These requirements encourage parties to resolve

[1] The Defendants' motion was filed outside of the 30-day period allowed by D. Kan. Rule 37.1(b) which states that "[a]ny motion to compel discovery . . . shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown." Thirty days after the offending response would have been September 29. While filing a request for an extension of the deadline would have been preferable, an extension would have been granted if requested to accommodate the exchange of letters concerning the dispute. Additionally, Plaintiff does not claim that Defendants' motion is untimely. The Court will review Defendants' motion on other procedural and substantive issues.

discovery disputes "without judicial intervention." ***Cotracom Commodity Trading Co. v. Seaboard Corporations***, 189 F.R.D. 456, 459 (D.Kan. 1999); *see also* ***VNA Plus, Inc. v. Apria Healthcare Group, Inc.***, No. 98-2138-KHV,1999 WL 386949, at *1 (D.Kan. June 8, 1999).

The conference mandate of "reasonable efforts to confer" requires "more than mailing or faxing a letter to the opposing party." D. Kan. Rule. 37.2. Rather, the parties must "in good faith converse, confer, compare views, and consult and deliberate or in good faith attempt to do so." *Id*.; *see also* ***Cotracom***, 189 F.R.D. at 459. "[The parties] must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovery party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention." ***Cotracom***, 189 F.R.D. at 459.

Defendants' motion and reply, and Plaintiff's response, indicate that the parties exchanged letters. The rule contemplates a conference, either face-to-face or by telephone (not *via* electronic message) in which the parties, in good faith, discuss and attempt to resolve the dispute. The Court therefore finds that Defendants have failed to comply with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

Despite the unqualified language of the federal and local rules, the Court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has not been fulfilled under certain circumstances. *See* ***White v. Graceland College Ctr. for Prof. Dev. & Lifelong Learning, Inc***., No. 07-2319-CM, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (holding that "the interests of justice are best served by taking up the motion [to compel] on its merits" when the Court could understand why Plaintiff's counsel interpreted a prior order to mean that Plaintiff could reapply for relief without conferring). Defendants have made no arguments – and the Court is aware of no such circumstances – that would justify waiving the duties imposed by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 in the present matter. Although the Court is inclined to deny Defendants' motion on this procedural issue, the parties did at least exchange substantive views concerning the dispute by letter. The Court elects to review the substance of Defendants' motion.

**B. Discoverability of Tax Returns**.

The standard for the discovery of tax returns was succinctly set forth by Judge Rushfelt in ***Hilt v. SFC, Inc.***:

> The Courts have developed a two-pronged test assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the

> subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.

170 F.R.D. 182, 189 (D. Kan. 1997) (citing ***Audiotext Communications Network, Inc. v. US Telecom, Inc.***, Case No. 94- 2395, 1995 WL 625962, at *11 (D. Kan. Oct. 5, 1995)) (internal quotations omitted).

Defendants argue that the information contained in three years of Plaintiff's tax returns is relevant to Plaintiff's claim of lost wages and Defendants' affirmative defense of mitigation of damages. Plaintiff "acknowledges Defendants' interest in obtaining information regarding Plaintiff's income since her wrongful termination from Defendant Greenbush, [but] Defendants have more than sufficient information regarding her income" following the production of her W-2 forms and Social Security wage statements. (Doc. 45, at 2.) Defendants continue that they "have no way of verifying [Plaintiff's] 'real' income without the production of such tax returns." (Doc. 44, at 3.) Plaintiff responds that "[b]ecause the tax returns would show Plaintiff's husband's income as well as Plaintiff's income, the tax return is not relevant." (Doc. 45, at 2.) Further, it appears that Plaintiff's income is "combined with her husband's on the return itself," leading Plaintiff to question

how the return would assist Defendants to "determine her income over any period." (*Id*.; *see also*, 44-4, at 4-5.)

Considering the above, the Court finds that a portion of the requested tax returns are irrelevant to the issues in this case. Defendants contend the documents are relevant to their mitigation of damages defense as well as Plaintiff's claims of lost wages. As such, the only tax returns that could be relevant are those reflecting Plaintiff's income since the termination of her employment in 2009. Thus, Defendant's requests for tax returns for 2007 and 2008 are irrelevant. As for Plaintiff's tax returns reflecting income after her employment was terminated, the Court finds that the information sought is available from other sources. Plaintiff's W-2 forms and Social Security statements, which have been produced by Plaintiff, should contain a significant portion of any information Plaintiff would have included in her tax return. Further, Defendants are free to question Plaintiff (or request other categories of relevant documents) via other discovery methods regarding any other sources of income, and the amounts thereof, since the termination of her employment. Even assuming that Plaintiff included the tutoring payments on her tax returns, the returns are not the only means Defendants have to determine the amount of any such income.

Accordingly, the Court **DENIES** Defendants' Motion to Compel the

Production of Plaintiff's Tax Returns (Doc. 43).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 29th day of November, 2010.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge