IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA STEPHENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-2197-KHV-KGG |
| | ) |
| DEBRORAH YOUNG, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO AMENDMENT THE COMPLAINT**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint and In Opposition to Motion for Judgment on the Pleadings.[1] (Doc. 23.) Plaintiff contends the purpose of her proposed Second Amended Complaint is to cure any potential deficiencies in her compliance with the notice requirements of the Kansas Tort Claims Act, K.S.A. § 75-6101, *et seq*. (Doc. 24, at 3.) Defendants contend the amended pleading should not be allowed because it "is clear evidence of bad faith or dilatory motive, and undue delay" by Plaintiff. (Doc. 27, at 5.) Although the Court acknowledges that Plaintiff may have had the

---

[1] Judge Vratil has recently entered an Order sustaining in part Defendants' Motion for Judgement on the Pleadings. (Doc. 51.) As such, the portions of Plaintiff's motion and Defendants' response relating to the dispositive motion are **moot**.

1

opportunity to address this issue previously, it cannot agree with Defendants' analysis that her delay was undue or in bad faith.  As such, the Court **GRANTS** Plaintiff's motion, with certain qualifications, discussed below.

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

As stated previously, Defendants argue that Plaintiff's requested amendment has been brought in bad faith and was unduly delayed.  The Tenth Circuit has held that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" ***Minter v. Prime Equipment Co.***, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting ***Frank v. U.S. West***, 3 F.3d 1357, 1365-66 (10th Cir.1993)).  Courts in this Circuit have consistently held that a motion to amend may be denied where "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to include them in the original complaint." ***Lone Star Steakhouse and Saloon, Inc.***

*v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, *3 (D.Kan. March 13, 2003) (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal citation omitted)). Stated another way, "unexplained delay alone justifies the district court's discretionary decision" to reject a proposed amendment to a complaint. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994).

In the matter before the Court, Plaintiff contends that notice was properly given pursuant to the KTCA, despite Defendants' arguments to the contrary. (Doc. 24, at 3.) Plaintiff chose to move to amend her Complaint to cure any potential notice issues, however, "in order to avoid a waste of judicial resources as well as the resources of the parties . . . ." (*Id.*) Under these circumstances – with Plaintiff believing that there was in fact no notice issue – the Court cannot say that Plaintiff has acted in bad faith or was unduly delayed. Further, "[w]here an action has been commenced prematurely, the defect may be cured by filing an amended or supplemental [pleading] after the cause of action has accrued, unless the amended petition changes the cause of action." *Steed v. McPherson Area Solid Waste Utility*, 221 P.2d 1157, 1167 (Kan. App. 2010) (citations omitted).

Finally, Defendants also request that the Court enter an anticipatory ruling prohibiting Plaintiff from moving to amend third additional time. (Doc. 27, at 6.)

Although Defendants contend Plaintiff is contemplating such a move, their request seeks an impermissible advisory opinion. The Court will not rule on this issue until and unless Plaintiff chooses to so move as the request is not directly related to a dispute presently before the Court. ***Orion Ethanol, Inc. v. Evans***., No. 08-1180-JTM-DWB, 2009 WL 5205965, at *3 (D. Kan. Dec. 22, 2009).

Mindful of the admonition that leave to amend shall be freely given, ***Foman***, 371 U.S. at 182, 83 S. Ct. at 230, it is therefore Ordered that Plaintiff's Motion for Leave to File Second Amended Complaint is hereby **GRANTED**. Plaintiff is, however, directed to review the proposed Second Amended Complaint (submitted as an attachment to the present motion) in the context of Judge Vratil's December 6, 2010, Memorandum and Order (Doc. 51) sustaining in part Defendants' Motion for Judgment on the Pleadings. To the extent Plaintiff's proposed Second Amended Complaint conflicts with Judge Vratil's ruling therein, Plaintiff is directed to redraft the Second Amended Complaint accordingly. Any such amended pleading shall be filed by Plaintiff **on or before December 29, 2010**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 21) is hereby **GRANTED** as more fully set forth above.

Dated at Wichita, Kansas, on this 15th day of December, 2010.

         s/ KENNETH G. GALE
         KENNETH G. GALE
         United States Magistrate Judge